DISSENTING OPINION
Richard B. Teitelman
I respectfully dissent. Mr. Peters’ supervisor, Mr. Terrio, ordered Mr. Peters to deliver stacks of 200-pound rebar paver baskets to a construction site even though the baskets were stacked too high and *802 were not braced or secured for transport. Mr. Terrio ordered Mr. Peters to perform these dangerous actions, yet the principal opinion holds that he is immune from liability as a matter of law because Mr. Ter-rio’s actions were in no way separate or distinct from the employer’s duty to maintain a safe workplace.- These allegations, taken as true and construed favorably to the Peterses, support a conclusion that Mr. Peters was injured at work as a result of Mr. Terrios’s actions.
When Mr. Peters was injured, section 287.120.1 did not release co-employees such as Mr. Terrio from co-émployee liability. Therefore, the Peterses’ claim against Mr. Terrio was governed by the common-law standards governing claims against co-employees. At common law, an “employer is liable for the negligent performance of any act directed by it to be performed by any employee -... which affects the safety of the workplace” and “[rjisks that are attendant to performing the employer’s work as directed are thus necessarily subsumed within the employer’s non-delegable duties, and cannot support an independent personal duty owed by a co-employee.” Leeper v. Asmus, 440 S.W.3d 478 (Mo.App. 2014). The employer’s obligation to protect its employees does not extend to injuries caused by the negligence of employees in carrying out the details of the work directed by the employer. Id. at 488; (citing Kelso v. W.A. Ross Const. Co., 337 Mo. 202, 85 S.W.2d 527, 534-36 (1935)). Therefore, under' the common law, the Peterses had to prove that the “employer performed all of its non-delegable duties such that a reasonably safe workplace, a safe instrumentality of work, and safe methods of work, became unsafe solely through the fault of [Mr. Terrio], a determination that depends on the facts and circumstances of the workplace injury.” Id. Before a court can determine the legal question of whether a co-employee owes a duty in negligence at common law, the court must assess the facts and circumstances of the employment at issue to determine the, inherently factual question of whether the workplace injury was, caused by the employer’s breach of a nondelegable duty or by the co-employee’s negligence in carrying out the details of the work directed by the employer. The principal opinion discards Leeper, but Leeper’s explanation of the common law is convincing and supported directly by the language of this.Court’s opinions.
The Peterses’ petition alleges that Mr. Terrio breached a duty to exercise care for Mr. Peters’ safety by ordering him to move and transport the 200-pound baskets despite Mr. Terrio’s direct knowledge that his orders created a safety hazard. In other words, Mr. Terrio ordered Mr. Peters to perform his work in a particular, detailed and unreasonably dangerous manner. The details of Mr. Terrio’s orders proved disastrous. Consequently, I would reverse the judgment of dismissal and remand the case for further litigation to develop the facts of the case.